In the Matter of the Application of FANNIE TAYLOR, Widow of the Decedent and Testamentary Guardian of the Infants, ALEXANDER ARTHUR TAYLOR and BEATRICE TAYLOR, under the Last Will and Testament of DAVID TAYLOR, Deceased, Appellant, for an Order Adjudging and Decreeing ISRAEL N. THURMAN and SAMUEL FISCHMAN, Executors and Trustees under the Last Will and Testament of DAVID TAYLOR, Deceased, Respondents, Guilty of Contempt for Failure to Comply with Decree of the Surrogate's Court, Kings County, Made and Entered the 10th Day of March, 1930, and for an Order Directing the Said ISRAEL N. THURMAN and SAMUEL FISCHMAN, Executors and Trustees under the Last Will and Testament of DAVID TAYLOR, Deceased, to Make Weekly Payments in Accordance with the Said Last Will and Testament of the Decedent.— Order of the Surrogate's Court of Kings county reversed on the law and the facts, without costs, and motion granted to the extent of directing the executors and trustees to pay to appellant, as testamentary guardian of the infants herein, in accordance with the codicil to the last will and testament, the sum in arrears not paid by them, and that such payments be continued pursuant to its terms, notwithstanding the fact that one of the children has abandoned the home of the testamentary guardian, where, with his sister, he had been supported and maintained. We are of opinion that the payments should be made by the executors and trustees. The reduction of the allowance of fifty dollars a week provided for by the testator is not justified because of the abandonment by one of the children, temporary or otherwise, of appellant's home. The infant Alexander Arthur Taylor may return at will. This decision does not take into consideration the reasons prompting the infant Alexander Arthur Taylor to leave the home, it having been stipulated that there was no issue in this proceeding as to whether or not the boy was justified in his grievance against the testamentary guardian, and that the only issue to be determined and the only question to be decided was whether or not, on the facts, the executors and trustees were, as a matter of law, relieved of the duty of making payments to the testamentary guardian of said infant merely by reason of the fact that he had of his own volition decided not to live with the testamentary guardian. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

In the Matter of the Application of TOWN OF NEW CASTLE, Respondent, to Acquire Title to Lands of ROMOLO CASCIOLI, Appellant, and Others, Defendants.— Order reversed on the law and the facts, with costs, and motion for confirmation of the report of the commissioners granted, with taxable costs and disbursements and an extra allowance to the appellant of five per cent upon the award. In our opinion, it cannot be said that the award is excessive or that any erroneous theory was adopted or followed by the commissioners of appraisal. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.